IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, <br> Plaintiff, | § <br> § <br> § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-02837 |
| | § <br> § | |
| GULSHAN ENTERPRISES, INC., <br> Defendant. | § <br> § <br> § | |

**MEMORANDUM AND ORDER ON MOTION TO INTERVENE**

This matter was referred by United States District Judge Vanessa D. Gilmore, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #23). Pending before the court is a motion to intervene that was filed by Tonya Bauer ["Bauer"], as Guardian of the Person and Estate of Emily Bauer. (Petition to Intervene of Tonya Bauer, as Guardian of the Person and Estate of Emily Bauer, an Incapacitated Person ["Motion to Intervene"], Docket Entries #28, 29). The underlying action arose from injuries that Emily Bauer suffered after ingesting synthetic marijuana that was purchased from a gas station owned by Gulshan Enterprises, Inc. ["Defendant," "Gulshan"]. That lawsuit is pending in the 190th Judicial District Court of Harris County, Texas. Plaintiff Admiral Insurance Company ["Plaintiff," "Admiral," "AIC"] has filed a response in opposition to Bauer's motion. (Plaintiff's Response in Opposition to Petition to Intervene and Memorandum in Support ["Response"], Docket Entry #30). After considering the pleadings, the evidence provided, and the applicable law, the motion to intervene is **DENIED**.

**Discussion**

Under Rule 24 of the Federal Rules of Civil Procedure, there are two methods by which a party may seek to intervene in a lawsuit: (i) as a matter of right; or (ii) by permission. Intervention

as a matter of right may be had when a movant:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED R. CIV. P. 24(a).

Permissive intervention, on the other hand, may be allowed in those situations in which a movant:

> (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

FED R. CIV. P. 24(b)(1). Intervention is intended to prevent multiple lawsuits if common questions of law or fact are involved. It is not, however, intended to allow entirely new lawsuits by intervenors. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). Put together, these rules compel federal courts to "'allow intervention where no one w[ill] be hurt and the greater justice c[an] be attained.'" *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

### *Intervention as a Matter of Right*

Bauer contends that she should be allowed to intervene as a matter of right under Rule 24(a)(2). (Motion to Intervene at 3-7). Under that provision, a party is entitled to intervene in a pending lawsuit if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case in which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Failure

2

to satisfy any of these requirement precludes intervention of right. *Haspel & Davis Milling & Planting co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007). Although the burden rests with the movant, Rule 24 is construed liberally. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). The inquiry is flexible, and a practical analysis of the facts and circumstances of each case is appropriate. *Id.* at 342. In this circuit, "intervention of right [] should generally be allowed where no one would be hurt and greater justice could be attained." *East Texas Baptist University v. Sebelius*, No. H-12-3009, 2013 WL 4678016, at *2 (S.D. Tex. Aug. 20, 2013) (quoting *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005)).

### *Timeliness*

Courts consider four factors in determining whether a motion to intervene is timely: (1) the length of time the applicant knew or should have known of his interest in the case; (2) prejudice to existing parties caused by the applicant's delay; (3) prejudice to the applicant if her motion is denied; and (4) any unusual circumstances. *U.S. v. Covington County School Dist.*, 499 F.3d 464, 466 (5th Cir. 2007). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). "The analysis is contextual; absolute measures of timeliness should be ignored." *Id.* The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).

In this case, Plaintiff filed its original complaint on September 21, 2016. (Docket Entry #1). On May 15, 2017, Admiral filed a motion for summary judgment. (Docket Entry #20). Gulshan responded to that motion, and Admiral replied. (Docket Entries #22, 24). On June 26, 2017, Admiral filed an amended motion for summary judgment. (Docket Entry #25). Again, Defendant has

3

responded, and Plaintiff has replied. (Docket Entries #26, 27). Bauer filed her motion to intervene and putatitve complaint-inintervention on July 21, 2017, ten months after the original complaint was filed.

On these facts, Bauer's intervention will prejudice the existing parties. The parties fully briefed two motions for summary judgment before Bauer's intervention motion was filed. If she is allowed to intervene, Bauer is likely to file a response to the amended motion for summary judgment, and, in doing so, delay the adjudication of a dispositive motion. She has not pointed to any significant prejudice that will result if her motion to intervene is denied, nor has she identified any unusual circumstances justifying the delayed filing of her motion. Accordingly, Bauer fails Rule 24(a)(2)'s first requirement.

### *Interest in Lawsuit*

To intervene as a matter of right, a movant must be "so situated that disposing of the action may[,] as a practical matter[,] impair or impede the movant's ability to protect [her] interest." FED. R. CIV. P. 24(a)(2). The applicant must show that she has a "direct, substantial, legally protectable" interest in the action. *Ross*, 426 F.3d at 757. Substantive law must recognize this interest as belonging to or being owned by the applicant. *Id.* In addition, a "mere economic interest" is not sufficient to support intervention under Rule 24(a)(2). *Id.*

Here, Bauer explicitly states that she filed a petition to intervene in this law suit to ensure that she is "able to collect any potential judgment against Gushan[,]" and to avoid problems that may arise if Admiral is not required to indemnify Gulshan under its insurance policy. (Motion to Intervene at 5). It is clear that Bauer's interest is "purely economic[,]" and, therefore inadequate to support intervention as a matter of right. *Ross*, 426 F.3d 757. Moreover, under Texas substantive law, as a third-party tort claimant, Bauer has no contractual or legal relationship with the alleged

4

tortfeasor's insurer, and therefore has "no basis on which to expect or demand any benefits from [Admiral]." *First Mercury Insurance Company v. Byrd*, H-14-326, 2014 WL 12680690, at *1 (S.D. Tex. Aug. 4, 2014). On this record, Bauer's bare economic interest in receiving insurance proceeds from Admiral cannot form the basis of an "interest" for Rule 24 purposes. *Id.*

***Adequate Representation***

Bauer also argues that Gulshan cannot adequately represent her interests in this litigation, because her interests are "directly adverse to Gulshan['s] in the state court action." (Motion to Intervene at 7). The burden of establishing inadequate representation is on the applicant for intervention. *Haspel & Davis*, 493 F.3d at 578. This burden is minimal, but "cannot be treated as so minimal as to write the requirement completely out of the rule[.]" *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). When a putative intervenor shares "the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Haspel & Davis*, 493 F.3d at 578-79 (internal quotations omitted).

It is clear that Gulshan and Bauer share a common objective. Both parties seek to ensure that Admiral provides coverage for the claims asserted against Gulshan in Bauer's state tort lawsuit. Bauer's claim that Gulshan cannot adequately represent her interests, due to their adversity in the state court litigation, is of no consequence, because the parties are not adverse in *this* proceeding. *See In re Smith*, 521 B.R. 767, 777-78 (S.D. Tex. 2014) (possibility of adversity in a future proceeding is insufficient to show inadequate representation). Absent any evidence that Gulshan cannot adequately represent its own interests, Bauer cannot show that her interests will not be adequately represented, as well. *First Mercury Insurance Co.*, 2014 WL 12680690, at *2. For these reasons, Bauer's motion to intervene as a matter of right is denied.

*Permissive Intervention*

As an alternative, Bauer argues that she should be permitted to intervene under Rule 24(b)(1)(B), which gives the court discretion to permit intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Here, no common questions of law or fact exist between Bauer's state tort suit and Admiral's federal insurance claim. In her complaint, Bauer alleges that Gushan acted negligently in permitting the illegal sale of synthetic marijuana at one of its stores. She alleges further that Gulshan's negligence was the proximate cause of Emily Bauer's injuries. On the other hand, in its petition, Admiral seeks a declaration that Gulshan's insurance policy does not provide coverage for the claims asserted in Bauer's state court petition, and, that, as a result, it has no duty to defend or indemnify Gulshan for any judgment or settlement resulting from the Bauer lawsuit. On this record, it is clear that the two lawsuits raise distinct questions of law, and require consideration of discrete facts. *First Mercury Insurance Co.*, 2014 WL 12680690, at *2. Because there are no common questions of law or fact between Bauer's state tort suit and this case, Bauer's petition for permissive intervention is denied.

**Conclusion**

In sum, it is clear that Bauer has no legitimate interest in this case. To the extent that she does have a stake in this litigation, her interests are adequately represented by Defendant. No common questions of law or fact exist between the underlying lawsuit and the claims raised here. Accordingly, Bauer's Motion to Intervene is **DENIED**.

**SIGNED** at Houston, Texas, this 16th day of August, 2017.

                                        **MARY MILLOY**
                    **UNITED STATES MAGISTRATE JUDGE**